UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HARVINDER SINGH DHANI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HAMILTON COUNTY DRAINAGE BOARD, et )<br>al., )<br>)<br>Defendants. ) | No. 1:24-cv-01405-TWP-KMB |

### ORDER GRANTING MOTION TO STAY DISCOVERY

Plaintiff Harvinder Singh Dhani filed suit against Hamilton County Drainage Board, Christine C. Altman, Mark Heirbrandt, Steven C. Dillinger, Kenton C. Ward, and Michael A. Howard (collectively "Defendants") under 42 U.S.C. § 1983, alleging misuse of governmental authority. [Dkt. 1.] Defendants have filed a Motion for Judgment on the Pleadings, alleging that Mr. Dhani's federal claims are barred by qualified immunity and that his state law claims are barred because he failed to file a tort claim notice. [Dkt. 12 at 7, 28.] Currently pending before the Court is Defendants' Motion to Stay Discovery. [Dkt. 16.] Mr. Dhani has not responded to the motion, and the time to do so has passed. For the reasons explained below, the motion is **GRANTED**.

### I.     LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). A court may stay a matter through an exercise of its inherent authority to manage litigation or through its authority under Federal Rule of Civil Procedure 26(c). *See, e.g., E.E.O.C. v. Fair Oaks Dairy*

*Farms, LLC*, 2012 WL 3138108, at *2 (N.D. Ind. Aug. 1, 2012).  "[The court should] balance interests favoring a stay against interests frustrated by the action in light of the court's paramount obligation to exercise jurisdiction timely in cases properly before it."  *U.S. ex rel. Robinson v. Indiana Univ. Health Inc.*, 2015 WL 3961221 (S.D. Ind. June 30, 2015) (internal citation omitted).

"Courts disfavor stays of discovery 'because they bring resolution of the dispute to a standstill.'"  *Red Barn Motors, Inc. v. Cox Enterprises, Inc.*, 2016 WL 1731328, at *3 (S.D. Ind. May 2, 2016) (quoting *New England Carpenters Health & Welfare Fund v. Abbott Labs*, 2013 WL 690613, at *2 (N.D. Ill. Feb. 20, 2013)).  District courts have "extremely broad discretion" in weighing these factors in deciding whether a stay should issue. *Robinson*, 2015 WL 3961221, at *1.  "Filing a motion to dismiss does not automatically stay discovery," and as a general matter, "a stay of discovery is warranted only when a party raises a potentially dispositive threshold issue such [as] standing, jurisdiction, or qualified immunity."  *Red Barn Motors*, 2016 WL 1731328, at *2-3.  Although such stays are sometimes granted, *id.*, a party has no right to a stay, and the party seeking a stay bears the burden of proving that the Court should exercise its discretion in staying the case. *Ind. State Police Pension Trust v. Chrysler LLC*, 556 U.S. 960, 961 (2009).

"A stay of discovery is often appropriate where a pending dispositive motion can resolve the case and where requested discovery is unlikely to produce facts necessary to defeat the motion."  *Soares v. Meeks*, 2021 WL 5748438, at *2 (S.D. Ind. Oct. 4, 2021) (cleaned up).  The Court considers three factors when assessing a motion to stay: "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and the Court."  *Ogungemi v. Omnicare, Inc.*, 2023 WL 2139834, at *1 (S.D. Ind. Feb. 17, 2023).

## II.     ANALYSIS

Defendants argue that discovery stays are appropriate when a motion to dismiss raises threshold dispositive issues. [Dkt. 16 (citing *Nexstar Broad., Inc. v. Granite Broad. Corp.*, 2011 WL 4345432, at *2 (N.D. Ind. Sept. 15, 2011)).] In this case, Defendants have filed a Motion for Judgment on the Pleadings raising arguments for dismissal that include qualified immunity and Mr. Dhani's alleged failure to file a tort claim notice. [Dkt. 12 at 5, 28.] In their Motion for a Stay of Discovery, Defendants address the three factors that courts evaluate when deciding whether a stay is proper. [Dkt. 16 at 3.] Defendants claim that the stay will not unduly prejudice or disadvantage Mr. Dhani because the case is in its early stages. [*Id*. at 4.] Defendants also state that their Motion for Judgement on the Pleadings is "based on pure questions of law" and, if granted, would end the case without the need for any discovery at all. [*Id.*] Finally, the Defendants argue that a stay would reduce the burdens of litigation on both Parties. [*Id.*]

Mr. Dhani did not file a response to this Motion and the time to do so has passed. To a certain extent, the Court construes Mr. Dhani's failure to respond to Defendants' motion as an acknowledgement of the correctness of Defendants' position. *See Midwest Generation EME, LLC v. Continuum Chem. Corp.*, 768 F. Supp. 2d 939, 950 (N.D. Ill. 2010) (finding that "failure to respond to an opposing party's argument implies concession"); *Law v. Medco Rsch. Inc.*, 113 F.3d 781, 787 (7th Cir. 1997) (explaining that "[f]ailure to contest a point is not necessarily a waiver, but it is a risky tactic, and sometimes fatal"); *Milam v. Dominick's Finer Foods, Inc.*, 567 F.3d 830, 832 (7th Cir. 2009) (interpreting "plaintiffs' silence in their response as acknowledgment").

The Court will generally only stay discovery for a pending motion if that motion "raises a threshold issue such as standing, jurisdiction, or qualified immunity . . . ." *Wood v. Nationstar Mortgage, LLC*, 2018 WL 9986679, at *1 (S.D. Ind. June 28, 2018). In this case, Defendants'

Motion for Judgment on the Pleadings does raise threshold issues including jurisdiction and qualified immunity that may warrant a discovery stay. *See E.B. v. Gary Community School Corporation*, 2009 WL 10692472, at *2 (N.D. Ind. Oct. 2, 2009) (failure to file an Indiana Tort Claim Notice is a jurisdictional issue); *Landstrom v. Illinois Dep't Servs.*, 892 F.2d 670, 674 (7th Cir. 1990) ("[C]ourts not only may but should decide the legal issue of qualified immunity in § 1983 cases before allowing discovery."); *but see Hansen v. Cannon*, 2001 WL 1637660 (7th Cir. Dec. 18, 2001) ("But qualified immunity does not shield public officials from discovery entirely . . . discovery may be appropriate for the limited purpose of addressing the issue of qualified immunity."). Given these circumstances, and considering Plaintiff's failure to respond to the stay request in this case, the Court finds it appropriate to stay discovery pending a ruling on Defendants' Motion for Judgment on the Pleadings. Thus, the Court grants Defendants' Motion to Stay. [Dkt. 16.]

### III.   CONCLUSION

For the reasons stated herein, Defendants' Motion to Stay is **GRANTED**. [Dkt. 16.] No discovery shall proceed at this time and no future conferences are currently set. If the Parties believe that a status conference is necessary or would be helpful, they may contact the undersigned's chambers to request one.

**SO ORDERED.**

Date: 1/10/2025

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email